COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


DENNIS RAY BARKER, S/K/A
 DENNIS RAY BARKER, JR.
                                    MEMORANDUM OPINION[*]
v.   Record No. 0078-97-2          BY JUDGE MARVIN F. COLE
                                         APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge

          L. Willis Robertson, Jr. (Cosby and
          Robertson, on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Dennis Ray Barker, Jr., appellant, moved to suppress certain

statements he made to a sheriff's investigator after being taken

into custody.  The investigator read appellant his <u>Miranda</u> rights

before arresting him, but did not re-read him his rights before

questioning him later at the sheriff's office.  After the trial

court denied the suppression motion, appellant entered

conditional guilty pleas to four counts of larceny.  We affirm.

     The Hanover County Sheriff's Department suspected appellant

and another person, Christopher Hall, of stealing several

motorcycles.  Investigator Mark Hottle, in the course of his

investigation into the thefts, went to appellant's home.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Arriving there, he found appellant in the yard and questioned him in reference to reports of several motorcycles stolen in the county. At first, appellant denied any knowledge of the thefts, but eventually admitted stealing a motorcycle. Appellant's father approached at that time and stated that someone else was in the house that the investigator needed to speak with. Bringing appellant with him, Hottle entered the house where he found Hall. He read both appellant and Hall their Miranda rights from a preprinted card issued by the sheriff's office. Appellant indicated that he understood the rights.

Hottle interrogated Hall separately. After talking to Hall, he placed both appellant and Hall under arrest. Both men were taken to the sheriff's office, where appellant was questioned by Hottle without being re-advised of his Miranda rights. Thirty to forty-five minutes elapsed between the time appellant was read his rights at his home and the time he was questioned at the sheriff's office.

At the suppression hearing, appellant moved to suppress his statement made to Hottle at the sheriff's office due to the fact that he was not re-advised of his rights after his arrest and prior to being questioned again. The trial court overruled the motion to suppress.

> The purpose of Miranda warnings is to ensure that a suspect knows that he may choose not to talk to law enforcement officials, to talk only with counsel present, or to discontinue talking at any time. The Miranda warnings ensure that a waiver of these rights is

2

> knowing and intelligent by requiring that the suspect be fully advised of this constitutional privilege, including the critical advice that whatever he chooses to say may be used as evidence against him.

Colorado v. Spring, 479 U.S. 564, 574 (1987). See also Shell v. Commonwealth, 11 Va. App. 247, 252, 397 S.E.2d 673, 676 (1990). "Miranda warnings are required whenever a suspect is subjected to 'custodial interrogation.'" Cherry v. Commonwealth, 14 Va. App. 135, 140, 415 S.E.2d 242, 244 (1992) (citation omitted).

In reviewing a trial court's denial of a motion to suppress, "[t]he burden is upon [the appellant] to show that this ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).

Appellant does not contend that he was unaware of his constitutional rights guaranteed by Miranda. He admits that the Miranda rights were read to him prior to his arrest. He stated to the investigator that he understood them. He at no time asserted his right to remain silent. He argues that, as a matter of law, a suspect who has been given his Miranda warnings prior to being taken into custody, must be re-advised after he is taken into custody, even when the custodial questioning begins within a short period of time after the warnings are given. We disagree.

We find that this case is controlled by principles set forth in Cheng v. Commonwealth, 240 Va. 26, 393 S.E.2d 599 (1990). The

Supreme Court held:

> "[W]here a person, after receiving <u>Miranda</u> warnings, has once given a knowing and intelligent waiver of his constitutional rights, such waiver will be presumed to continue in effect throughout subsequent custodial interrogations until the suspect manifests, in some way which would be apparent to a reasonable person, his desire to revoke it."

<u>Id.</u> at 35, 393 S.E.2d at 604 (quoting <u>Washington v. Commonwealth</u>, 228 Va. 535, 548-49, 323 S.E.2d 577, 586 (1984), <u>cert.</u> <u>denied</u>, 471 U.S. 1111 (1985)). In <u>Cheng</u>, the Court further held that after the defendant was advised of his <u>Miranda</u> rights, his decision to converse with the officer constituted an implied waiver of his <u>Miranda</u> rights and that an express written or oral waiver of rights was not required.

In this case, appellant's decision to talk to Hottle after having been read the <u>Miranda</u> rights, constituted an implied waiver of those rights. Such is presumed to continue in effect throughout subsequent custodial interrogations until the accused manifests his desire to revoke it. Appellant never manifested a desire to revoke the waiver at any time thereafter. We conclude from the record that appellant's statement to Hottle made at the sheriff's office was made freely and with full knowledge of his <u>Miranda</u> rights. Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>